■     In the Matter of Arbitration between MARIA CURBELO, Individually and as Natural Guardian of MADELINE CURBELO and Another, et al., Respondents, and ATLANTIC MUTUAL INSURANCE COMPANY, Appellant.— Order, Supreme Court, Bronx County, entered on April 22, 1971, and judgment of said court entered on May 7, 1971, confirming an award in arbitration, unanimously reversed, on the law, the motion denied, the judgment vacated, the proceeding reopened, and the case remanded to the arbitrator for a hearing de novo in accordance with this decision. Petitioners-respondents shall recover of respondent-appellant $50 costs and disbursements of this appeal. As a result of a claimed collision with a stolen vehicle, claims were initiated under the uninsured motorist indorsement of the policy of insurance issued by respondent-appellant insurance company to one Sadi Acosta, the owner and operator of the vehicle, who died from injuries sustained from the accident. The petitioners herein constitute all of the claimants with the exception of Aribel Heredia and the estate of Sadi Acosta. Pursuant to subdivision 2-a of section 167 Insurance Law and the uninsured motorist indorsement mandated thereby, the maximum limit of liability imposed upon the insurer is $10,000 " on account of injury to, or death

of, one person, in any one accident * * * twenty thousand dollars * * * on account of injury to, or death of, more than one person in any one accident ". All of the claimants with the exception of the estate of Sadi Acosta proceeded to arbitration before the arbitrator. At the time of the hearing, Aribel Heredia was out of the country and the others agreed to proceed without prejudice to presentation of Aribel Heredia's claim at a later date. The award in arbitration granted damages to the remaining claimants in the sum of $12,000. The arbitrator was not informed that the appellant insurance company had settled the claim of the estate of Sadi Acosta for $9,500 and granted the remaining claimants a total amount of $12,000, thereby exceeding the limits of the insurance policy by $1,500. The arbitrator did not knowingly render an award which, when added to the amount of the prior settlement, exceeded the maximum limits of contractual liability imposed upon appellant insurance company. This could have been obviated if the insurance carrier had given notice of the settlement to the arbitrator. The claim of Aribel Heredia as far as the record shows is still outstanding. The arbitrator's award should reflect the contractual limitation of $20,000. The judgment of the Special Term is reversed, the award vacated, the proceeding reopened and rereferred to the arbitrator de novo for disposition in accordance with this decision. In the event any party elects to challenge the good faith of the Acosta settlement that factor may be taken into consideration by the arbitrator. Costs are imposed against respondent-appellant because its failure to provide the arbitrator with the facts of the settlement precluded a proper award and made this appeal necessary. Concur — McGivern, J. P., Markewich, Kupferman, McNally and Steuer, JJ.